UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. ___ |
| | § | |
| TWO ARMORED HUMVEES | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture in rem against the Defendant Properties. The United States alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the Defendant Properties were found and seized in the Southern District of Texas.

2. The Defendant Properties were seized by officers with United States Customs and Border Protection ("CBP") at the Houston Seaport on March 1, 2018, in the Southern District of Texas. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

## THE DEFENDANT PROPERTIES

3. The Defendant Properties are two armored HUMVEEs, specifically: a 2002 AMGN M1123 ARMORED HUMVEE, VIN: 201344 ("Defendant Property 1) and a 1998 AMGN M1123 ARMORED HUMVEE, VIN: 182400 ("Defendant Property 2"), collectively "Defendant Properties".

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action in rem brought to enforce the provisions of 19 U.S.C. § 1595a(d) (for merchandise exported contrary to law), 22 U.S.C. § 401 (for the illegal exportation of war and other articles in violation of law) and 50 U.S.C. § 2401 ("war and national defense"), 13 U.S.C. § 305 (information to be collected upon exportation), as well as Foreign Trade Regulations ("FTR") found under 15 C.F.R. § 30, specifically 15 C.F.R. § 30.6 (Electronic Export Information (EEI) data elements requirements) and 15 C.F.R. § 30.71 (for false or fraudulent reporting on an/or misuse of EEI data elements). The Defendant Properties are subject to seizure and forfeiture due to violations of these statutes.

5. 19 U.S.C. § 1595a(d) provides:

> Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to

exportation shall be seized and forfeited to the United States.

6. 22 U.S.C. § 401 states:

(a) Seizure and forfeiture of materials and carriers
Whenever an attempt is made to export or ship from or take out of the United States any arms or munitions of war or other articles in violation of law, or whenever it is known or there shall be probable cause to believe that any arms or munitions of war or other articles are intended to be or are being or have been exported or removed from the United States in violation of law, the Secretary of the Treasury, or any person duly authorized for the purpose by the President, may seize and detain such arms or munitions of war or other articles and may seize and detain any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export such arms or munitions of war or other articles. The Secretary of Commerce may seize and detain any commodity (other than arms or munitions of war) or technology which is intended to be or is being exported in violation of laws governing such exports and may seize and detain any vessel, vehicle, or aircraft containing the same or which has been used or is being used in exporting or attempting to export such articles. All arms or munitions of war and other articles, vessels, vehicles, and aircraft seized pursuant to this subsection shall be forfeited.

## **RELEVANT BANKGROUND**

7. 19 U.S.C. § 1595a(d) and 22 U.S.C. § 401 provide for the seizure and forfeiture of any merchandise which is exported or attempted to be exported from the United States contrary to law.

8. As part of the export process, exporters provide information to Customs and Border Protection using the Electronic Export Information ("EEI") system. In order to regulate the export process, 15 CFR § 30.6, specifies what information is required for EEI submission. This regulation includes required data that is mandatory and must be included by the exporter as part of the EEI submission.

9. In addition to requiring specific information in an accompanying EEI transmission, certain items also require an export license issued by the Department of State, Directorate of Defense Trade Controls ("DDTC"), or the Department of Commerce, Bureau of Industry and Security ("BIS"). If an exporter does not obtain an export license for merchandise as required by the DDTC or BIS licensing regime, the merchandise may not be legally exported from the United States.

10. For shipments exported under such an export license, reporting the country of ultimate destination is mandatory on the EEI submission, and must match the country reported on the issued BIS license. In the case of a DDTC or BIS license, the country of ultimate destination is the country specified with respect to the end user, which may also be the ultimate consignee of the exported shipment.

11. Armored HUMVEEs (such as the Defendant Properties) are classified under Export Control Classification Number (ECCN) 0A606.a. The classification of 0A606.a has been effective since January 6, 2014. Items classified under 0A606.a, are controlled on the Commerce Controlled List (CCL) (15 C.F.R. § 774,

Supplement 1) for National Security and Regional Stability reasons. South Sudan is listed as a Country in group B (15 C.F.R. § 740, Supplement 1). In short, because of these classifications (of both the item and the destination), export of armored HUMVEEs (such as the Defendant Properties) to South Sudan is restricted.

12. 15 CFR § 30.71 states the criminal penalties and well as the forfeiture penalties that may be imposed for a violation of these restrictions, in addition to "any other penalty a violation may be subject to forfeiture under applicable law."

## FACTS

13. On or around January 11, 2018, the CBP Houston Seaport Outbound Enforcement Team ("OET") placed shipment/booking number NAM2966840 on export hold for a tailgate exam. The commodity description of the Electronic Export Information ("EEI") filed by the freight forwarder indicated that this shipment consisted of a container of used cars.

14. On or around January 12, 2018, the shipment (Container # GESU5736025) was examined at the Port of Houston - Bayport terminal. During the tailgate exam, the Houston Seaport Outbound Enforcement Team discovered two armored military style HUMVEEs. Additional information was requested from the freight forwarder on record (American Royal Shipping Line), including requests for titles, invoices and a request to complete a Bureau of Industry and Security (BIS) Form-711.

15. A BIS Form-711 was eventually submitted by the ultimate consignee of the Defendant Properties: an individual named Simon Konyi. Konyi indicated on the form that the armored HUMVEEs were destined to be exported to South Sudan via Kenya, to a potential buyer in the gold mining business located in South Sudan.

16. Following review, BIS determined that the Defendant Properties required a BIS license, as the nature of the goods (two armored HUMVEES) and the ultimate destination (South Sudan) placed the shipment within the ambit of DDTC and BIS regulation and licensure.

17. Further investigation into the matter determined that on or around June 17, 2017 (a few months prior to the attempted export), Konyi had signed a document provided to him by the domestic seller of the vehicles entitled "Export Awareness Understanding/Armored Vehicles." By signing that document, Konyi acknowledged, among other things, his awareness that "it is unlawful to ship armored vehicles form the United States to certain countries, whether directly or indirectly." This indicates that Konyi was aware that a proper BIS export license is required to allow the exportation of armored HUMVEEs from the United States to South Sudan.

18. Despite this knowledge, Konyi knowingly submitted false documentation in support of the importation of the Defendant Properties. Specifically, in his Electronic Export Information ("EEI") filings with the United

States, Konyi claimed his shipment consisted of one 40-foot container of "used cars" and input "no license required" when completing the forms for the exportation of the armored HUMVEEs. Konyi did this in an attempt to conceal the nature of the armored HUMVEEs he intended to illegally export from the United States to South Sudan.

19.     On March 1, 2018, personnel with United States Customs and Border Protection seized the Defendant Properties, as Konyi had not obtained the proper export documentation - specifically the required BIS export licenses - and had provided incorrect information regarding the contents and nature of his export shipment.

20.     In supplemental submissions to the Department of Homeland Security, Konyi argued that any violation had been "unintentionally committed" – despite his signing of a prior document advising him of export restrictions on the HUMVEEs.

## CONCLUSION

22.     Therefore, based upon the foregoing, the two Defendant Properties are subject to forfeiture pursuant to 19 U.S.C. § 1595a as merchandise attempted to be exported or sent from the United States contrary to law, and pursuant to 22 U.S.C. § 401 as arms or munitions of war or other articles attempted to be exported or shipped from the United States in violation of law.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be sent to the undersigned Assistant United States Attorney at the address provided in this Complaint.

## **RELIEF REQUESTED**

The United States will serve notice, along with a copy of the Complaint, on the titled property owners and on any other persons who reasonably appear to be potential claimants. The United States seeks a final judgment forfeiting the Defendant Properties to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

_____
Brandon L. Fyffe
SDTX Federal No. 3698129
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000
Fax: (713) 718-3300
Brandon.Fyffe@usdoj.gov

## **VERIFICATION**

I, Tamar R. Lane, Special Agent with Homeland Security Investigations, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the 28th day of February, 2023.

*[signature]*
Tamar R. Lane
Special Agent
Homeland Security Investigations